NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DERRICK DARNELL ELLIS, | : | Civil No. 07-577 (JLL) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| JOHN D'AMICO, etc., et al., | : |  |
| Defendants. | : |  |

**APPEARANCES**:

>DERRICK DARNELL ELLIS, #235683, Plaintiff Pro Se
>Northern State Prison
>168 Frontage Road
>Newark, New Jersey  07114

**LINARES**, District Judge.

Plaintiff, a state prisoner incarcerated at Northern State Prison, initially sought to file the Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  By Order filed April 12, 2007, this Court denied in forma pauperis status on the ground that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g).  The April 12, 2007 Order deemed the Complaint withdrawn without prejudice to the filing of a prepaid complaint, and closed the file.  On May 23, 2007, Plaintiff prepaid the $350.00 filing fee.  At this time, the Court will reopen the file, direct the Clerk to file the Complaint, dismiss the federal claims asserted in the Complaint, decline to

exercise supplemental jurisdiction over state claims, and reclose the file. See 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff claims that state parole officials unconstitutionally revoked his parole and imposed a 12-month future eligibility term. He seeks damages for violation of his constitutional rights by John D'Amico, New Jersey State Parole Board Chairman; parole hearing officer Mark A. George ("George"), panel members Ruby Washington and Kenneth Saunders, and several parole officers.

Plaintiff asserts the following facts, which will be viewed as true for the purposes of this review. Plaintiff alleges that on July 28, 2006, parole officials caused an arrest warrant to issue for Plaintiff's arrest as a parole violator, even though the charges were not validated, Plaintiff had not committed a new crime, and he did not pose a danger to society. Plaintiff alleges that hearing officer George conducted an untimely probable cause hearing on September 7, 2006, improperly allowed an admission of use form to be used at the hearing to establish probable cause, and improperly permitted parole officer Plunkett[1] to testify against Plaintiff. Plaintiff further asserts that George "allowed a construed hearing, that he conducted, to send me back to prison for no reason at all, no new charge, no validated allegations by the accuser, used same offense to render guilt twice, would not allow me to question or cross examine accuser because no one showed up, did not allow the parole warrant to be lifted at my request when I did not commit any crime, or impose a threat or danger to society, instead Mr. George, set in motion the present cruel and

---

[1] Plaintiff's Complaint refers to Mr. Plunkett only by his last name.

unusual punishment I've been serving." (Compl. at 4-5.) Plaintiff alleges that parole officer Joan Mason violated his rights by failing to properly supervise him after his release from Logen Hall, and failing to appear at the probable cause hearing. Plaintiff complains that parole board panel members "allowed all of the above written act[s] to occur by [the] act of giving me a parole violation as well as a future eligibility date by agreeing with the hearing officer and not allow[ing] due process of law." (Id. at 6.) As relief, Plaintiff seeks an injunction against retaliation, as well as damages for false confinement, lost wages, and mental anguish for the 21-month period of incarceration.

## II. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 2007 WL 1582936 *4 (June 4, 2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only

give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, _ U.S. _ 2007 WL 1582936 *4 (citations and internal quotation marks omitted).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Twp., 463 F.3d 285, 295-96 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

A.  Federal Claims

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Here, Plaintiff asserts that parole officials violated his constitutional rights in revoking his parole. However, Plaintiff's constitutional claims are not cognizable. To the extent Plaintiff challenges the fact or duration of his confinement, the claim fails because the exclusive federal remedy for an inmate challenging the fact or duration of his confinement is a petition for a writ of habeas corpus which requires the prior exhaustion of available state court remedies.[2] See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

---

[2] Decisions of the New Jersey State Parole Board are reviewable as of right in the Appellate Division of the New Jersey Superior Court pursuant to N.J. Ct. R. 2:2-3(a)(2). Benson v. New Jersey State Parole Bd., 947 F. Supp. 827, 831 (D.N.J. 1996). The Court observes that, while Plaintiff appears to have appealed the revocation administratively, his allegations do not indicate that he exhausted state court remedies by seeking review before the Appellate Division of the New Jersey Superior Court and before the New Jersey Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395, 397 (3d Cir. 1987).

Plaintiff's claims for damages based on unconstitutional incarceration resulting from the revocation of his parole are not cognizable under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7. As the Supreme Court recently explained,

> [a] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

In this Complaint, Plaintiff seeks damages for his incarceration as a result of the allegedly unconstitutional revocation of his parole. He asserts in essence that his parole was unconstitutionally revoked in that there was no evidence that he violated the terms of parole or committed a new crime. If Plaintiff's parole was unconstitutionally revoked, see Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972), then success on Plaintiff's § 1983 action would necessarily demonstrate the invalidity of the Parole Board's decision to revoke his parole. Because

Plaintiff's allegations do not indicate that the revocation of parole has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus, Plaintiff's claim is barred by Heck. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that § 1983 claim challenging parole revocation is uncognizable under Heck because success would necessarily demonstrate the invalidity of the decision to revoke parole); White v. Gittens, 121 F.3d 803, 806-7 (1st Cir. 1997) (challenge to parole revocation is not cognizable under § 1983 because a favorable decision would necessarily call into question the validity of decree revoking parole); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (claim that parole revocation was invalid necessarily implies the validity of parole revocation and is not cognizable under § 1983); Littles v. Bd. of Pardons & Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995) (Heck applies to proceedings which call into question a decision revoking parole); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement," and therefore must be brought as a petition for writ of habeas). Because Plaintiff's challenge to the revocation of his parole is not cognizable under 42 U.S.C. § 1983, the Court is constrained to dismiss the federal claims raised in the Complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

B.  Claims Arising Under State Law

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).

Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

The Court will reopen the file, direct the Clerk to file the Complaint, dismiss the federal claims, and decline to exercise supplemental jurisdiction over claims arising under state law.

An appropriate Order accompanies the Opinion.

    /s/ Jose L. Linares
United States District Judge

Dated: June 11, 2007